IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:92CR3081 |
| ) | |
| v. ) | |
| ) | |
| RAUL CAMARENA SIGALA, ) | MEMORANDUM AND ORDER ON |
| ) | DEFENDANT'S MOTION TO VACATE, |
| Defendant. ) | SET ASIDE OR CORRECT SENTENCE |
| ) | |

On January 31, 2005, the defendant, Raul Camarena Sigala, filed a motion entitled "Petitioner's Motion to Reinstead [sic] an Issue Previously Preserved & for Relief on the New Mandate and Holding of the Honorable U.S. Supreme Court," (see filing 43), which has been construed to be a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (see filing 45). His motion raises a single issue: whether his sentence violated the Sixth Amendment in light of the Supreme Court's recent decision in Booker v. United States, 125 S. Ct. 738 (2005). (See filing 43.) For the following reasons, I find that the defendant's motion must be denied.

### I.   BACKGROUND

On December 18, 1992, a four-count indictment was filed in the District of Nebraska naming Raul Camarena Sigala as the sole defendant. (See filing 1.) Count I charged the defendant with conspiring to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. Counts II and III charged the defendant with laundering the proceeds of the conspiracy alleged in Count I in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i). Count IV charged the defendant with possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

After initially pleading not guilty to the charges, (see filing 7), the defendant entered into a plea agreement with the government, (see filing 12). Pursuant to this agreement, the defendant

pleaded guilty to the charges alleged in Counts I-II of the indictment. On March 8, 1993, I accepted the defendant's plea and ordered a presentence investigation. (See filing 13.)

The defendant made objections to the Presentence Investigation Report, and on August 19, 1993, a hearing was held to resolve those objections. (See filing 33.) At the conclusion of the hearing, I sentenced the defendant to a term of imprisonment of 215 months on each of Counts I and II, with the terms to run concurrently. (See filings 25, 27, 33.) I also sentenced the defendant to five years of supervised release on Count I and three years of supervised release on Count II, with the terms to run concurrently. (See id.) Finally, a special assessment in the amount of $50 on each of Counts I and II was ordered, and Counts III and IV were dismissed. (See id.)

The defendant appealed, (see filing 30), but on January 4, 1994, the Eighth Circuit affirmed the defendant's sentence, holding that my decision to deny the defendant a three-level reduction for acceptance of responsibility was not clearly erroneous, (see filings 38, 39).

On January 31, 2005, the defendant filed the instant motion. (See filing 43.) He argues, inter alia,

> Petitioner contended that the sentence on this cause is unconstitutional since it violated petitioner's [rights under] the Sixth Amendment since the United States . . . Sentencing Guidelines were [applied] without a jury finding any facts that were used to petitioner's [sic] sentence. Petitioner contended the United States Sentencing Guidelines are constitutionally invalid . . . and in violation of the Sixth Amendment. The Honorable U.S. Supreme Court has now issue[d] a new mandate wherein clearly and convincingly states that the United States Sentencing Guidelines are on its [sic] face unconstitutional.

(Filing 43 at 2 (citing Booker v. United States, 125 S. Ct. 738 (2005)).) He asks that I declare his sentence to be "constitutionally invalid" in light of Booker. (Id. at 3.)

## II.   STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code provides individuals in federal custody with a means to collaterally attack a sentence imposed after a conviction. A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. An evidentiary hearing need not be held if the case files and records show conclusively that the prisoner is entitled to no relief. See id.; see also Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.")

### III. ANALYSIS

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court addressed the constitutionality of the United States Sentencing Guidelines. The Court "reaffirmed" the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which required that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Since the Guidelines required courts to impose sentences longer than those that would be authorized by the jury verdict or guilty plea alone, the Court concluded that the Guidelines violated the Sixth Amendment. See id. at 751-52. To remedy this problem, the Court rendered the Guidelines "effectively advisory" by severing and excising two provisions[1] of the Federal Sentencing Act. Id. at 757.

The defendant seeks to invoke the Booker rule to demonstrate that his sentence was obtained in violation of the Sixth Amendment. However, the defendant cannot rely upon Booker

---

[1] The Court held, "[W]e must sever and excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), see 18 U.S.C. § 3553(b)(1) (Supp.2004), and the provision that sets forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range, see § 3742(e) (main ed. and Supp.2004) . . . . With these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements." United States v. Booker, 125 S. Ct. 738, 764 (2005).

unless it applies retroactively to cases on collateral review. Many courts have considered this question (although the Eighth Circuit has not yet done so) and have uniformly concluded that Booker cannot be applied retroactively. See, e.g., Guzman v. United States, No. 03-2446-PR, 2005 WL 803214 (2d Cir. 2005); In re Olopade, No. 05-1617, 2005 WL 820550 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); United States v. Shevi, No. CR 98-257 ADMAJB, Civ. 04-4027 ADM, 2005 WL 661558 (D. Minn. March 22, 2005). I agree with the analysis set forth in these opinions.

"In [Teague v. Lane, 489 U.S. 288 (1989)], . . . the Supreme Court announced a three step analysis to determine whether a new rule of criminal procedure applies to a case on collateral review." Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).[2] "The reviewing court must first determine when the defendant's conviction became final. Next, the court must decide whether the rule in question is actually 'new.' If it is, the court must determine whether the new rule falls into either of two exceptions to nonretroactivity." Id. (citing Beard v. Banks, 124 S. Ct. 2504, 2510 (2004)).

The first step of the analysis is a simple one. Since the defendant appealed his sentence directly to the Eighth Circuit, his conviction became final upon the expiration of the 90-day period within which he could have petitioned for certiorari to the Supreme Court. See Clay v. United States, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1. Thus, his conviction became final 91 days after January 4, 1994.

Next it must be determined whether Booker represents a "new rule." To make this determination, I must "assay the legal landscape as of [April 1994] and ask 'whether the rule later announced in [Booker] was dictated by then-existing precedent.'" Beard v. Banks, 124 S. Ct. 2504, 2511 (2004) (quoting Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)); see also, e.g., Humphress v. United States, 398 F.3d 855, 860-61 (6th Cir. 2005). Clearly, Booker sets

---

[2]The Booker rule is procedural, as opposed to substantive, for the purpose of retroactivity analysis. See, e.g., Guzman v. United States, No. 03-2446-PR, 2005 WL 803214, at *3 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 n.1 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

forth a "new rule" under this test. See Humphress, 398 F.3d at 861-62. The unlawfulness of the defendant's sentence would not have been apparent to all reasonable jurists in April 1994, and Booker was not dictated by then-existing precedent. See id. Furthermore, as the court noted in McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), "Blakely [v. Washington, 124 S. Ct. 2531, 2538 n.9 (2004)] reserved decision about the status of the federal Sentencing Guidelines . . . so Booker itself represents the establishment of a new rule about the federal system."

Since Booker presents a new procedural rule, it does not apply to cases on collateral review unless it falls within one of the Teague exceptions. See Beard, 124 S. Ct. at 2510, 2513; United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) ("[N]ew constitutional rules of criminal procedure cannot be applied retroactively to cases on collateral review unless they fall within an exception to the general rule."). It is to these exceptions that I now turn.

One Teague exception "permits a rule to be raised collaterally if it prevents lawmaking authority from criminalizing certain kinds of conduct." United States v. Moss, 252 F.3d 993, 997 n.3 (8th Cir. 2001) (citing Teague, 489 U.S. at 311). Since this exception is clearly inapplicable here, I shall proceed to analyze the second exception.

> The second exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'"
>
> We have repeatedly emphasized the limited scope of the second Teague exception, explaining that "'it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty.'" And, because any qualifying rule "would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge," it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.

Beard v. Banks, 124 S. Ct. 2504, 2513-14 (2004) (citations omitted).

It seems to me that the Booker rule does not fall within this exception. First, the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), strongly suggests that Booker did not establish a "watershed" procedural rule within the meaning of Teague. See, e.g., Guzman v. United States, No. 03-2446-PR, 2005 WL 803214, at *3-4 (2d Cir. 2005); In re Olopade, No. 05-1617, 2005 WL 820550, at *3 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 863

(6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); United States v. Shevi, No. CR 98-257 ADMAJB, Civ. 04-4027 ADM, 2005 WL 661558, at *4-5 (D. Minn. March 22, 2005). As the Sixth Circuit explained,

> Schriro held that Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002) (holding that provisions of Arizona's sentencing scheme that allowed a judge to find those aggravating factors authorizing the death penalty violate the Sixth Amendment) did not announce a "watershed rule[ ] of criminal procedure" that would apply retroactively to cases already final on direct review. Schriro, 124 S. Ct. at 2524-26. The Court framed the issue as "whether judicial factfinding so seriously diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." Id. at 2525 (internal citations and quotations omitted). Citing DeStefano v. Woods, 392 U.S. 631, 633-34, 88 S. Ct. 2093, 20 L. Ed. 2d 1308 (1968) (holding that procedural rule applying the Sixth Amendment's jury-trial guarantee to the states has no retroactive effect), the Schriro Court observed that "[i]f . . . a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be." 124 S. Ct. at 2526.
>
> Schriro's reasoning applies with equal force to Booker. Both Ring and Booker found unconstitutional particular aspects of sentencing schemes allowing a judge to impose punishment on the basis of judge-found facts. We see no basis for concluding that the judicial factfinding addressed in Booker is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in Ring.

Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005) (footnote omitted). See also McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (noting that the Supreme Court has found that "the choice between judges and juries as factfinders does not make such a fundamental difference"). Additionally, it seems that "[a]s a practical matter . . . [the defendant's] sentence[] would be determined in the same way if [he] were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system." McReynolds, 397 F.3d at 481. "That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process." Id.

In light of the persuasive reasoning set forth in the opinions cited above, I conclude that Booker did not establish a watershed rule of criminal procedure. Therefore, Booker cannot be applied retroactively to cases on collateral review, and the defendant's § 2255 motion must be

6

denied.  I note parenthetically that since the record shows conclusively that the defendant is entitled to no relief, no evidentiary hearing need be held.  <u>See</u> 28 U.S.C. § 2255.

**IT IS ORDERED** that the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (filing 43), is denied.

Dated April 19, 2005.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge