IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:01CR200 |
| | ) | |
| v. | ) | |
| | ) | |
| CLARENCE H. NASH, | ) | MEMORANDUM AND ORDER ON |
| | ) | MOTION TO MODIFY SENTENCE TO |
| Defendants. | ) | TIME SERVED |
| | ) | |

On April 14, 2003, I signed a judgment that sentenced Clarence Nash to the custody of the United States Bureau of Prisons for 30 months, to be followed by three years of supervised release with special conditions, and imposed a special assessment of $100. Now he has filed a motion asking that his sentence be modified to the time he has now served. I must decline to do so.

Congress has not given me the authority to reduce sentences, except in very specific circumstances. In 18 U.S.C. § 3582(b) the statute says:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be–
>
> (1) modified pursuant to the provisions of subsection (c);
>
> (2) corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

The subsection (c) referred to says at its very beginning:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–

      (A)    the court, <u>upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment</u> . . .

      (B)    the court may modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute</u> or by <u>Rule 35</u> of the Federal Rules of Criminal Procedure . . .

  (2)    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently been lowered</u> by the Sentencing Commission . . . the court may reduce the sentence . . .
(Emphasis added).

Title 18, section 3582 cannot be used to reduce the sentence of Mr. Nash because (1) there has been no motion by the Director of the Bureau of Prisons, as required by subparagraph (c)(1)(A); (2) no statute has been found expressly permitting reduction, as related in subparagraph (c)(1)(B); (3) Rule 35 could be used, as mentioned in subparagraph (c)(1)(B), only if the government had moved for a reduction for substantial assistance by the defendant, which it has not; and (4) there has been no lowering of the sentencing range upon which Mr. Nash's term of imprisonment was based, as set out in subparagraph (C)(2).  Also, the sentence was not found faulty on appeal or outside the guideline range, as related in 18 U.S.C. § 3742.

IT IS ORDERED that the Motion to Modify Sentence to Time Served, filed April 1, 2005, is denied.

Dated April 19, 2005.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge